IN THE UNITED STATES DISTRICT COURT
                     FOR THE SOUTHERN DISTRICT OF OHIO
                              EASTERN DIVISION

Raymond Orrand, Administrator,
et al.,

        Plaintiffs,

     v.                                    Case No. 2:13-cv-481

Hunt Construction Group, Inc.,

        Defendant.


                              OPINION AND ORDER

   This is an action brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq. by Raymond Orrand, Administrator of the Ohio Operating Engineers Health and Welfare Plan, Pension Fund, Apprenticeship Fund, and Education and Safety Fund, and the trustees of those funds against defendant Hunt Construction Group.  Plaintiffs allege that the defendant, an employer, and the Ohio Operating Engineers, a labor union, are parties to a collective bargaining agreement which requires defendant to make contributions to the funds on behalf of certain employees, and that defendant has failed to make those contributions.  Plaintiffs seek the payment of contributions allegedly owed the funds under ERISA §515, 29 U.S.C. §1145, access to defendant's records for the purpose of conducting an audit, statutory interest, costs and attorney's fees, and injunctive relief.

   This matter is before the court on defendant's motion to dismiss without prejudice.  Defendant contends that the instant case is related to a dispute between Local 18 of the International Union of Operating Engineers ("Operating Engineers") and the

Laborers' International Union of North America ("Laborers' Union") over which union's members should be assigned work operating forklifts and skids.  Defendant and other employers in the Cleveland, Ohio, area filed unfair labor practice charges with the National Labor Relations Board ("the Board").  Defendant states that the NLRB has now held two hearings under §10(k) of the National Labor Relations Act, 29 U.S.C. §160(k), to determine whether the work in question should be awarded to the members of the Operating Engineers or to members of the Laborers' Union.  Defendant indicates that a decision from the Board could come at any time.

Defendant argues that plaintiffs are using the instant ERISA action, with its associated costs and risks, as a means of applying additional pressure against defendant in its efforts to expand the types of work within the jurisdiction of the Operating Engineers. Defendant correctly notes that it is the Board's responsibility and duty to decide in the §10(k) proceeding which of the two employee groups claiming the right to perform certain work tasks is correct and then specifically to award such tasks in accordance with it s decision.  See National Labor Relations Board v. Radio and Television Broadcast Engineers Union, Local 1212, 364 U.S. 573, 586 (1961).  Defendant urges this court to apply the primary jurisdiction doctrine[1] and to dismiss this action without prejudice while the Board resolves the §10(k) matters.  In the alternative,

---

[1] The doctrine of primary jurisdiction arises when a claim is properly cognizable in court but contains some issue within the special competence of an administrative agency. United States v. Haun, 124 F.3d 745, 749 (6th Cir. 1997).  When the doctrine is applicable, court proceedings are stayed so as to give the parties reasonable opportunity to refer the matter to an agency by seeking an administrative ruling.  Id.

defendant asks this court to stay further proceedings in this case until the Board renders its decision.  See Ryan v. Gonzales, 133 S.Ct. 696, 708 (2013)(district courts ordinarily have authority to issue stays where such a stay would be a proper exercise of discretion); Enelow v. New York Life Ins. Co., 293 U.S. 379, 382 (1935)(explaining that a district court may stay a case "ending before it by virtue of its inherent power to control the progress of a cause so as to maintain the orderly processes of justice").

    The court concludes that the dismissal of the instant case without prejudice would not be appropriate.  Defendant indicates that a decision could come from the Board at any time.  However, the court will issue the stay requested by defendant.  The court recognizes that the §10(k) proceedings before the Board are between the unions and the employers under the National Labor Relations Act, whereas plaintiffs' ERISA claims can only be advanced in this court by the administrator and trustees of the funds.  See 29 U.S.C. §1132(e)(1).  Nonetheless, the outcome of the proceedings before the Board may be relevant to this court's analysis of defendant's contractual liability under the relevant collective bargaining agreement.

    The court finds the Sixth Circuit's decision in Trustees of the B.A.C. Local 32 Ins. Fund v. Ohio Ceiling & Partition Co., 48 Fed.Appx. 188 (6th Cir. 2002), to be instructive.  In that case, the Sixth Circuit considered claims for contributions under §1145 brought by the trustees of various union funds, where the unions were engaged in a similar dispute about work jurisdiction.  The court stated that "the heart of the issue" was "that the work was performed under a CBA with another union claiming jurisdiction over the work and under which contributions were made to the associated employee benefit funds."  Id. at 196.  The court reiterated that

>      the real question is whether plaintiffs could demonstrate
>      a contractual obligation to make contributions to the
>      bricklayers funds when the carpenters union agreements
>      purported to cover the same work, the work was assigned
>      to employees covered by the carpenters union agreements
>      and contributions were made in full to the carpenters
>      union funds.

Id. at 197-198.  The court noted that the Sixth Circuit had previously rejected a claim for damages for breach of contract by one union when the Board resolved the jurisdictional dispute in favor of another union.  Id. at 197 (citing Int'l Union, United Auto., Aerospace and Agric. Implement Workers (UAW) and its Local 1519 v. Rockwell Int'l Corp., 619 F.2d 580, 584-85 (6th Cir. 1980)).

The Sixth Circuit also stated that it was "sympathetic to the district court's concern about the use of ERISA to press a jurisdictional dispute of the assignment of" work.  Id. at 197-98.  The court observed, "Looking at the basis for the protections afforded to ERISA plans under [§1145], nothing suggests that it was intended to afford ERISA fiduciaries a weapon against employers in undeclared jurisdictional disputes with competing unions."  Id. at 198.  The court also noted that the issue of which union had a superior right to the work had not been determined in that case, id. at 197, and that "plaintiffs should not be able to establish an entitlement to contributions for work assigned to another union claiming jurisdiction over the work without invoking procedures for resolving the jurisdictional work assignment issue."  Id. at 198 (citing Carpenters Fringe Benefit Funds v. McKenzie Eng'g., 217 F.3d 578 (8th Cir. 2000)).  The court held that plaintiffs failed to demonstrate that the defendant had a contractual obligation to pay contributions for the hours of work performed by the carpenters union employees.  Id.  This holding suggests that the Board's

decision in the jurisdictional dispute in this case not only relevant to, but also a necessary predicate to recovery on plaintiffs' ERISA claims.

In any event, it makes sense from the standpoint of fairness and judicial economy to stay this action pending the Board's decision. The Board's determination may impact the parties' position in this case and their decision whether to proceed further with this litigation. Adhering to a typical schedule would result in an expenditure of time, money and judicial resources which may prove to be unnecessary if the parties later resolve the matter based on the Board's decision. Although a stay may delay any possible eventual recovery of contributions by the Operating Engineers' funds, the defendant has already made contributions to the Laborers' Union funds for the work performed by Laborers' Union members, to the benefit of the workers who actually performed the work.

Accordingly, the defendant's motion (Doc. 14) is granted in part and denied in part, in that the motion to dismiss is denied, and the motion to stay all further proceedings in this case pending a decision by the Board is granted. Counsel shall immediately notify the court when the Board renders its decision.

Date: September 26, 2013              s/James L. Graham    
                                  James L. Graham
                                  United States District Judge